UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JIMMIE LEE HARRISON, #188387,  )<br>Plaintiff,  )<br>)<br>-v-  )<br>)<br>UNKNOWN CLARK and  )<br>CORIZON HEALTH, INC.,  )<br>Defendants.  )<br>_____ ) | No. 1:20-cv-271<br><br>Honorable Paul L. Maloney |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Harrison, a prisoner proceeding *pro se*, filed a § 1983 civil rights complaint arising from a course of medical treatment. Defendants filed a motion for summary judgment. (ECF No. 49.) The Magistrate Judge issued a report recommending this Court grant the motion for summary judgment. (ECF No. 71.) Plaintiff filed objections. (ECF No. 72.) The Court will adopt the report and recommendation and will grant the motion for summary judgment.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

A. Defendant Corizon Health

The Magistrate Judge concludes Plaintiff failed to properly exhaust his administrative remedies against Defendant Corizon. Plaintiff objects. The Court OVERRULES Plaintiff's objection.

Plaintiff's grievance against Corizon Health was not timely filed. Plaintiff does not object to the portion of the R&R in which the Magistrate Judge summarizes the exhaustion requirement and grievance process. After Plaintiff attempted to resolve the issue with Corizon Health, he had five business days to file his Step I grievance. Plaintiff did not identify a "date of incident" on the grievance. (ECF No. 40-3 PageID.455.) He attempted to resolve the issue on August 1, 2019. (*Id.*) In his grievance, Plaintiff claims that he "wrote Corizon on August 21, 2019 to no avail so just recently found out for sure Corizon is the guilty party for decreasing my Effexor . . . ." (*Id.*) He filed his grievance on October 13, 2019. (*Id.*) MDOC rejected the grievance as untimely, writing "your issue happened more than two months ago[.]" (*Id.*) The rejection as untimely was upheld at both Step II and Step III. Plaintiff's knowledge of Corizon Health's alleged misdoings was not an ongoing event as Plaintiff contends in his objection. The date he filed his grievance (October 13) was more than two months after the August 1 and the August 21 dates mentioned in the grievance and the August 29 date Plaintiff mentions in his objection (PageID.770).

B. Defendant Clark

The Magistrate Judge concludes Plaintiff failed to create a genuine issue of material fact to survive summary judgment and dismissal of his Eighth Amendment claim. Plaintiff objects. The Court OVERRULES Plaintiff's objection.

The Court finds that the Magistrate Judge accurately summarized the record. (R&R at 12-13 PageID.760-61.) The Court concludes those facts fail to support an Eighth Amendment claim. Plaintiff has not created a genuine issue of material fact. The two reasons for the changes to Plaintiff's medication levels are not inconsistent as Plaintiff contends in his objection. After Plaintiff was transferred to LCF, in July Defendant Clark reduced the prescription by 150 mg/day, consistent with FDA dosing recommendations. (ECF No. 49-1 Clark Aff. ¶ 8 PageID.645.) On October 10, Clark updated Plaintiff's chart to note that Plaintiff had been detected "cheeking" his Effexor medication by prison staff, which prompted Clark to discontinue the medication. (*Id.* ¶ 10 PageID.646.) On October 21, Clark offered to refer Plaintiff to healthcare for medications that would help Plaintiff deal the effects of withdrawal. (*Id.* ¶ 12 PageID.646-47.) Clark also offered to put Plaintiff on other medications as a substitute for Effexor. (*Id.*) On this record, Plaintiff has not created a genuine issue of material fact concerning the subjective element of an Eighth Amendment claim.

Plaintiff's other objections relevant to the Eighth Amendment claim are not persuasive. First, Plaintiff's complaint does not constitute evidence as the necessary statement of truthful attestation contains qualifiers. And, even assuming the statements in the complaint could be considered evidence, Plaintiff fails to identify what statements in the complaint would create a genuine issue of material fact for his Eighth Amendment claim. Second, whether Plaintiff actually "cheeked" Effexor does not alter the outcome. Clark discontinued the Effexor prescription based on representations made to her by prison staff and she offered treatment to Plaintiff based on her decision to discontinue Effexor.

For these reasons, the Court **ADOPTS** the Report and Recommendation (ECF No. 71.)  The Court **GRANTS** Defendants' motion for summary judgment.  (ECF No. 49.)

**IT IS SO ORDERED.**

Date:   September 20, 2021                                              /s/  Paul L. Maloney
                                                                     Paul L. Maloney
                                                    United States District Judge